(587 P.2d 1276)

No. 49,557

MELVIN MEAD, *et al., Appellees,* v. LEO MEEKER, *et al., Appellants.*

and

No. 49,619

RUSSELL SPEER, *et al., Appellees,* v. LEO MEEKER, *et al., Appellants.*

Opinion filed December 22, 1978.

*Tom R. Smith,* of Frey, Smith & Schmidt, of Liberal, for appellants.

*John D. Osborn* and *Tom Burgardt,* of Calihan, Green, Calihan & Loyd, of Garden City, for appellees Melvin Mead, *et al.*

*Dennis J. Keenan,* of Keenan, Mauch & Keenan, P.A., of Great Bend, for appellees Russell Speer, *et al.*

Before SPENCER, P.J., ABBOTT and MEYER, JJ.

MEYER, J.: In this interlocutory appeal, appellants are the officers and directors of the now defunct corporation, Dighton Grain, Inc. Appellees are Lane County, Kansas, farmers, who in the course of their business had grain dealings with Dighton Grain, Inc.

In early 1974, an audit of the corporation disclosed that the director-vice president, Walter Gormley, had wrongfully converted to his use in excess of $80,000 without the knowledge and consent of the other officers and directors of the corporation.

As a result of the audit disclosing Mr. Gormley's misappropriation of funds, the auditing firm made two specific recommendations to the corporation:

(1)  that president Leo Meeker receive and inspect the mail, particularly the bank statements; and

(2)  that all checks require the signature of two representatives of Dighton Grain, Inc.

Although Leo Meeker did instruct the bank to forward the corporation statements to him, it is apparent that he failed to inspect them, notwithstanding the prior misappropriation by Mr. Gormley. As to the auditor's second recommendation, neither Mr. Meeker nor the other appellants conformed with it at all.

Mr. Gormley's acts of misappropriation not only continued, but accelerated greatly. So extensive were Mr. Gormley's misappropriations that in June of 1975, the corporation ceased business and a receiver was appointed.

The appellees delivered their grain to Dighton Grain, Inc., with payment deferred. Upon appellees making timely demand, however, it became obvious that the corporation was defunct and could not meet their demands for payment. Appellees were successful in obtaining judgment against Dighton Grain, Inc., and also against Walter Gormley. It developed that Dighton Grain, Inc., had sold the appellees' grain to a brokerage house, had received payment therefor, but refused and was unable to pay appellee farmers. It is obvious from the briefs that the insolvency of Dighton Grain, Inc., was brought on by Gormley's misappropriations. Neither the corporation nor Gormley were able to satisfy their judgments.

The appellants moved for summary judgment in the district court, which was denied. This court granted permission to bring an interlocutory appeal. The issue before this court is as follows:

Can a corporate officer and/or director be held liable for damages suffered by a corporate creditor when those damages are the proximate result of the corporate officer and/or director's failure to discharge his corporate duties?

K.S.A. 17-7101 addresses the issue of director and/or officer liability for corporate debts and provides:

"(a)  When the officers, directors or stockholders of any corporation shall be liable by the provisions of this act to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action against any one or more of them. The petition in any such action shall state the claim against the corporation and the ground on which the plaintiff expects to charge the defendants personally.

"(*b*)  No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied."

### In 25 A.L.R.3d at pages 956-57, we find the following:

"Counsel for plaintiff, on the other hand, will have to base his case against the corporate director primarily on the ground that he did not exercise the degree of care or diligence which was required of him. He should allege and prove where feasible that the director had recklessly reposed confidence in an obviously untrustworthy officer or employee, has refused or neglected for no just reasons to perform his duty as a director, and has ignored, either wilfully or through inattention, obvious danger signs of employee wrongdoing. Counsel should stress the fact that the director has no right to commit the management of the affairs of a corporation to an officer or to a committee of directors and thereafter take no steps to keep himself informed of what is being done with the corporate assets. If the director has delegated the whole management and control of the corporation to its executive officers, or has acquiesced in such a procedure, he cannot avoid personal liability, when disaster to the stockholders and *creditors* ensues through carelessness and mismanagement, by claiming that he did not know of the unfortunate transactions and was ignorant of the business. Counsel should point out that the director of a corporation is presumed to know that which it is his duty to know and which he has the means of knowing, and that he is generally charged with knowledge of corporate transactions reflected in various reports and statements presented at the directors' meetings." (Emphasis supplied.)

### It is stated in 3A Fletcher, Cyclopedia Corporations § 1135, page 203 (perm. ed. rev. 1975):

"[C]orporate officers, charged in law with affirmative official responsibility in the management and control of the corporate business, cannot avoid personal liability for wrongs committed by claiming that they did not authorize and direct that which was done in the regular course of that business, with their knowledge and with their consent or approval, or such acquiescence on their part as warrants inferring such consent or approval. Moreover, this principle is applicable to directors, officers, and agents of a corporation when funds intrusted to it have been converted, even though they were used for the benefit of the corporation and not the officers concerned."

### In *Northwest Theatres Co. v. Hanson,* 4 F.2d 471, 475 (9th Cir. 1925), the Ninth Circuit Court of Appeals quoted from the case of *Patterson v. Minnesota Mfg. Co.,* 41 Minn. 84, 94, 42 N.W. 926, 929 (1889), as follows:

"If a director knew that a violation of law was being, or about to be, committed, and made no objection when duty required him to object, and when he had the opportunity of doing so, this would amount to 'assent.'"

In *Patrons State Bank & Trust Co. v. Shapiro*, 215 Kan. 856, 861-862, 528 P.2d 1198 (1974), the following jury instruction was given:

" 'You are instructed that an officer of a corporation is personally liable for his acts which constitute a conversion of the property of a third person, and it is no answer to such liability that the act was done while the officer was acting for the corporation. However, an officer of a corporation is not personally liable for a conversion committed by the corporation or one of its officers merely by virtue of the office that he holds; *he must participate or have knowledge amounting to acquiescence or commit a breach of the duty he owes to the owner of the property before he will be held liable.'* (Emphasis supplied.)"

As to this instruction, the court said in *Patrons* at page 862, "In our judgment the instruction given by the court was a good statement of the law and provided the jury with proper guidelines by which it could interpret the evidence."

We note the most pertinent part of the above instruction to be as follows: "[H]e must participate or have knowledge amounting to acquiescence or commit a breach of the duty he owes to the owner of the property before he will be held liable."

The interlocutory question before us is a general one, and our decision today will not go beyond it.

Where a corporate creditor has obtained a judgment against a corporation upon which execution has issued and been returned unsatisfied, the corporate officers or directors may be individually liable for that debt if it is established that their gross negligence or malfeasance as such officers or directors was such as to amount to participation or acquiescence in acts which resulted in the creditor's loss.

The question of whether the directors' conduct amounts to culpable negligence is one of fact. It follows that the trial court's denial of appellants' motion for summary judgment was correct.

The ruling of the district court is affirmed, allowing this matter to proceed to an evidentiary hearing wherein the trier of fact may ascertain whether the directors are liable under the law as stated in *Patrons State Bank & Trust Co. v. Shapiro*, 215 Kan. 856.

Affirmed.